DECISION AND JUDGMENT ENTRY
{¶ 1} Khayyam Mustafa appeals the decisions of the Ottawa County Court of Common Pleas that found him to be a sexual predator and sentenced him to the maximum prison term. Because we find that the trial court did not err in either of these determinations, we affirm.
 Facts {¶ 2} Mustafa was charged in a June 12, 2003 information with violating R.C. 2907.02(A)(2) — rape, a felony of the first degree. He pled guilty that same day. Later, on September 19, 2003, a sexual classification hearing and a sentencing hearing were held. The court found Mustafa to be a sexual predator and informed him of the registration requirements.[1] It also sentenced him to the maximum prison term of ten years.[2]
Mustafa now appeals the sexual predator determination and his sentence.
 Assignments of Error {¶ 3} "I. The trial court erred in finding defendant-appellant to be a sexual predator because insufficient evidence existed to support such a finding pursuant to Chapter 2950 of the Ohio Revised Code.
 {¶ 4} "II. The trial court erred in imposing the maximum possible sentence upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code sections2929.11 et seq.
 {¶ 5} "III. The trial court abused its discretion in imposing the maximum possible sentence upon defendant-appellant as it was against the manifest weight of the evidence."
 First Assignment of Error {¶ 6} In his first assignment of error, Mustafa argues that there was insufficient evidence for the trial court to find that he was a sexual predator. We disagree because there was clear and convincing evidence presented to support the trial court's determination, including the psychologist's report form and the pre-sentence report.
 {¶ 7} R.C. 2950.09(A) states that a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses" is a "sexual predator." R.C.2950.01(D)(1)(a) further states that rape is a "sexually oriented offense."
 {¶ 8} R.C. 2950.09(B)(1) requires the trial court to conduct a hearing to determine the offender's status. After holding a hearing and reviewing the evidence and testimony therefrom, the judge shall determine by clear and convincing evidence whether the person is a sexual predator. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, at paragraph three of the syllabus. In reviewing a trial court's decision found upon this degree of proof, moreover, an appellate court must examine the record to determine whether the evidence satisfies the clear and convincing standard. Id. Accord, State v. Morales, 153 Ohio App.3d 635, 2003-Ohio-4200, at ¶ 12; State v. Crooks, 152 Ohio App.3d 294, 2003-Ohio-1546, at ¶ 27.
 {¶ 9} When making a sexual predator determination, "[a] judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C.2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism." State v. Thompson (2001), 92 Ohio St.3d 584, at paragraph one of the syllabus. Further, the trial court may rely on one factor more than another, depending upon the circumstances of the case. State v. Boshko (2000), 139 Ohio App.3d 827, 840.
 {¶ 10} At the outset, however, a sentencing judge must consider all relevant factors, including, but not limited to: the offender's age, prior criminal record, the age of the victim of the sexually oriented offense, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting, if the offender previously has been convicted of or pleaded guilty to any criminal offense, and whether the offender completed any sentence imposed for the prior offense. If there was a previous sex offense or a sexually oriented offense, certain questions must be asked: did the offender participate in available programs for sex offenders, is there any mental illness or mental disability, what was the nature of the offender's sexual conduct with the victim, and was the contact part of a demonstrated pattern of abuse. Finally, two determinations need to be made: did the offender, during commission of the offense, display cruelty or threaten cruelty, and what were the behavioral characteristics that contributed to the offender's conduct. See, R.C. 2950.09(B)(2)(a) through (j); State v. Cook (1998),83 Ohio St.3d 404, 407-408.
 {¶ 11} Courts should apply these factors and consider individual circumstances of each case independently. State v.Robertson (2002), 147 Ohio App.3d 94, 98. There is no magic number of factors needed to make a sexual predator finding. In addition, "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." State v. Eppinger (2001), 91 Ohio St.3d 158,167.
 {¶ 12} The trial court found, in this case, clear and convincing evidence that Mustafa was a sexual predator. In its October 17, 2003 sexual predator determination, the trial court referred to the reports by the Court Diagnostic Treatment Center and the Ottawa County Probation Department. Mustafa was 45 years old and the victim was merely 13 years old. See R.C.2950.09(B)(3)(a) and R.C. 2950.09(B)(3)(c). Mustafa's criminal record began in 1974 and included convictions for aggravated burglary, aggravated robbery, breaking and entering with violent offender specifications, grand theft with violent offender specifications, attempted kidnapping with violent offender specifications, as well as other offenses. Mustafa had served three separate prison terms. See R.C. 2950.09(B)(3)(b) and R.C.2950.09(B)(3)(f). Mustafa's rape of the victim was done by force. See R.C. 2950.09(B)(3)(h) and R.C. 2950.09(B)(3)(i). Finally, the psychologist's report stated Mustafa "will more likely than not be one of the 19% of sex offenders in his group who will reoffend sexually in the future."
 {¶ 13} After thoroughly reviewing the record, we find that the trial court's sexual predator determination was supported by clear and convincing evidence. The first assignment of error is found not well-taken.
 Second and Third Assignments of Error {¶ 14} In the closely related second and third assignments of errors, Mustafa argues that his maximum sentence was against the manifest weight of the evidence, and that the trial court did not comply with statutory sentencing requirements. We find that the trial court complied with all appropriate dictates concerning sentencing and also find that Mustafa's sentence was supported by the record.
 {¶ 15} It should be noted that an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). As stated before, clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. In addition, "[t]he applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1)-(3)." Statev. Boshko (2000), 139 Ohio App.3d 827, 835.
 {¶ 16} R.C. 2929.11(A) requires that the sentencing judge be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Under R.C. 2929.11(B), the trial court must impose a sentence "commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D), and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C.2929.11 purposes and principles of sentencing. R.C. 2929.12(A).
 {¶ 17} Mustafa pled guilty to one count of rape, a felony of the first degree. Prison terms for a first-degree felony are three, four, five, six, seven, eight, nine, or ten years. R.C.2929.14(A)(1). Furthermore, rape carries a mandatory prison term. R.C. 2929.13(F)(2).
 {¶ 18} R.C. 2929.14(C) allows for the imposition of the maximum prison term on offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." The record must reflect existence of a listed criteria in R.C. 2929.14(C) before a maximum term is imposed for an offense. State v. Edmonson
(1999), 86 Ohio St.3d 324, 329. Accord State v. Evans,102 Ohio St.3d 240, 2004-Ohio-2659, at the syllabus.
 {¶ 19} Here, the trial court in its September 19, 2003 judgment entry stated that "[t]he longest term is necessary because Defendant poses greatest likelihood of recommitting; is necessary to protect the public; Defendant committed the worst form of the offense and the Court made findings and stated reasons for the findings on the records." [sic]. At the sentencing hearing, the trial judge found that Mustafa is an offender who poses the greatest likelihood of committing future crimes. That alone is enough to support the imposition of a maximum sentence. R.C. 2929.14(C).
 {¶ 20} At the sentencing hearing, the trial court specifically emphasized that Mustafa "has a long history of violent offenses, and an assault charge while this case was pending. He shows no remorse. The victim suffered emotional and physical harm as a result of these offenses." The court also noted that Mustafa had served three separate prison terms already and "used manipulation and employed threats of violence to perpetrate the crime." The court also mentioned that Mustafa's "behavior would most certainly have continued for a long period of time if [it had] remained undetected."
 {¶ 21} After thoroughly reviewing the record, we find that these conclusions were supported by the record, and the trial court complied with the sentencing requirements of the Ohio Revised Code when it selected the maximum prison term for Mustafa's actions. The second and third assignments of error are found not well-taken.
 {¶ 22} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal specified under App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J. Concur.
[1] The judgment entry for the sexual predator determination was filed and journalized October 17, 2003.
[2] The judgment entry of sentence was filed and journalized September 19, 2003.