DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas after the trial court sentenced appellant to a prison term of eight years for the offense of rape, a violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Because we conclude that appellant's prison term was "mandatory," we affirm.
 {¶ 2} On July 10, 2001, appellant entered a no contest plea to the charges of pandering sexually oriented matter involving a minor, gross sexual imposition, and rape. Regarding the rape offense, the plea form that appellant executed indicated a "basic prison term" of 3, 4, 5, 6, 7, 8, 9 or 10 years "(mandatory)." The form further states:
 {¶ 3} "I understand the MAXIMUM penalty COULD be: a maximum basic prison term of 23 years of which 3-10 yrs is mandatory,
during which I am NOT eligible for judicial release or community control. * * *
 {¶ 4} "I know any prison term stated will be the term servedwithout good time credit. * * *" (Emphasis added.)
 {¶ 5} After conducting a sentencing hearing, on August 7, 2001, the trial court sentenced appellant John Zakrzewski to a prison term of eight years for the offense of rape. The nunc pro tunc judgment entry filed on August 30, 2001, states this sentence without specifically using the term "mandatory" in reference to the prison term.
 {¶ 6} On September 21, 2005, appellant filed a pro se motion to order correction of the record. In this motion, appellant asserted that the Ohio Department of Rehabilitation and Corrections has misinterpreted his sentence as being a mandatory prison term, making him ineligible for "good time credit."
 {¶ 7} On September 30, 2005, the trial court denied appellant's motion for an order to correct the record, concluding that the original sentencing judgment entry correctly states appellant's sentence. The entry further states: "In any event, the defendant is not entitled to good time credit R.C. 2929.13(F)." It is from this judgment entry that appellant filed his notice of appeal.
 {¶ 8} In his assignments of error, appellant asserts as follows:
 {¶ 9} "Assignment of Error No. I: The Lucas County Common Pleas Court and the Lucas County Prosecutor denied Appellant his due process right in the interpretation of his sentencing judgment and O.R.C. § 2929.13(F).
 {¶ 10} "Assignment of Error No. II: The DRC exceeded its authority in stating Appellant has mandatory time on his sentence to the charge of rape."
 {¶ 11} "[R]ape carries a mandatory prison term. R.C. 2929.13(F)(2)." (Emphasis added.) State v. Mustafa, 6th Dist. No. OT-03-039, 2004-Ohio-4800 at ¶ 17; See also State v.Jordan, 6th Dist. No. OT-03-009, 2004-Ohio-2775 at ¶ 9. "Upon a conviction for rape, a prison term is mandatory. R.C.2929.13(F)(2). R.C. 2929.14(A)(1) requires a prison term of three, four, five, six, seven, eight, nine or ten years, for a felony of the first degree. A court shall impose the shortest prison term authorized for the offense by R.C. 2929.14(A), unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B)(2)." (Emphasis added.) State v. Nerghes, 9th Dist. No. 03CA0049-M, 2004-Ohio-1235 at ¶ 42.
 {¶ 12} In the present case, appellant did not get the maximum ten-year prison term on the rape offense. However, this does not mean that the term to which he was sentenced was not "mandatory."
 {¶ 13} Relative to the meaning of the term "Mandatory prison term," the Revised Code provides the following:
 {¶ 14} "`Mandatory prison term' means * * * the term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (14) of section2929.13 and division (D) of section 2929.14 of the Revised Code. Except as provided in sections 2925.02, 2925.03, 2925.04,2925.05, and 2925.11 of the Revised Code, unless the maximum or another specific term is required under section 2929.14 of the Revised Code, a mandatory prison term described in this division may be any prison term authorized for the level of offense." (Emphasis added.) R.C. 2929.01(Y)(1).
 {¶ 15} Thus, even a shorter prison term than the maximum for the offense of rape is still termed a "mandatory" prison term. See State v. McIntyre (June 16, 2000), 6th Dist. No. L-99-1369. The trial court did not err in its sentence and the DRC did not misinterpret the judgment entry.
 {¶ 16} Further, presuming appellant's assignments of error are based on some notion that he should be entitled to "good time credit," such credit was sometimes given under former R.C.2967.19 which was repealed in 1996, well before appellant's 2001 sentence. Thus, former R.C. 2967.19 does not apply and appellant is not entitled to "good time credit." Contra Jolly v.Anderson, 3d Dist. No. 03CA008210, 2003-Ohio-3142 at ¶ 10.
 {¶ 17} Based on the foregoing, appellant's assignments of error are found not well-taken. Accordingly, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Singer, P.J. Concur.