[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
 {¶ 2} Defendant-appellant Ralph Reece appeals from the trial court's sexual-predator adjudication. In a single assignment of error, Reece argues that the adjudication was against the weight of the evidence. We overrule the assignment of error.
 {¶ 3} In 1993, following a jury trial, Reece was convicted of three counts of rape, in violation of R.C. 2907.02, one count of felonious sexual penetration, in violation of R.C. 2907.12, two counts of felonious assault, in violation of R.C. 2903.11, and one count of kidnapping, in violation of R.C. 2905.01. The victim of the offenses was Reece's daughter.
 {¶ 4} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[1] Reece's three rape convictions, as well as his felonious-sexual-penetration conviction, satisfy the first prong of the definition of a sexual predator.[2] But Reece argues that the state's evidence failed to support the court's conclusion that he was likely to commit a sexually-oriented offense in the future.
 {¶ 5} In making a sexual-predator determination, a trial court must consider "all relevant factors," including the ten factors specifically set forth in R.C. 2950.09(B)(3).[3] The record demonstrates that the trial court thoroughly considered each of the enumerated factors, as well as other relevant evidence.
 {¶ 6} At the sexual-predator-classification hearing in this case, the court reviewed the record, a letter from Reece, and reports from the correctional facility where Reece was incarcerated, as well as a psychiatric report. The court considered that Reece had begun abusing his daughter when she was approximately fourteen years old, and that the abuse had continued for years. The court noted that, at the time that Reece was sentenced for the offenses, his daughter was twenty-three years old.
 {¶ 7} The court considered that Reece's sexually-oriented offenses involved a single victim. The court also noted that while there was no indication in the record that Reece had used alcohol or drugs to impair his daughter, he had used beatings and threats of future violence to prevent her from resisting.
 {¶ 8} The court observed that Reece had been incarcerated since 1993, but that he had failed to participate in sexual-behavior courses. The court noted that the psychiatric examination did not indicate that Reece suffered from any mental illness or disability.
 {¶ 9} The court remarked that Reece's demonstrated pattern with respect to the abuse of his daughter began when she was fourteen and continued until he was charged with the offenses in 1992.
 {¶ 10} The court stated that it placed great weight upon the psychiatric report. The court quoted extensively from the report, including the following: "[Reece] exhibited obvious impairment in his judgment and appears to have little or no insight regarding not only his history of sex-offending behavior, but also with regard to appreciating how his behavior and manner of relating is perceived by others. * * * Mr. Reece undertook the raising of his daughter alone, the victim having described that her father was very controlling, dominant, and possessive. He would not allow her to have outside contact but wanted to control her every action.
 {¶ 11} "Throughout the evaluation, Mr. Reece insisted that he has never committed any type of sexual offense or improprieties, and that he has been wrongly persecuted. He admitted having taken some nude photographs of his daughter when she was perhaps 18 or 19 years old, but again minimizes the significance. He denied ever having sexual relations with his daughter."
 {¶ 12} The report went on to detail the sexual abuse that the victim said began when she was five years old and escalated when she was twelve or thirteen years old. "There were allegations of more frequent abuse from 1990 to 1992, including cunnilingus, fellatio, fondling, both vaginally and anally, often with threats of the victim being whipped if she did not participate. Beatings were reported as sadistic, including that with belts and homemade cat-o-nine tails fashioned with a plastic bottle and shoe strings. Beatings at times occurred on the breast and buttocks area, Mr. Reece taking photographs of the wounds, storing them in a strong box. Photographs included pictures of her vaginal area. A calendar was retrieved in which Mr. Reece apparently kept encoded records of particular sex acts performed with his daughter, beginning in 1989."
 {¶ 13} The court also read the following from the report: "When Mr. Reece was evaluated in 1992, he only partially admitted to the sexual contacts with his daughter. He admitted taking nude pictures of his daughter, but stated `everyone has pictures of their family in that way.' He admitted having his daughter masturbate him, explaining that he knew his daughter would be married and that this would somehow prepare for her marriage. * * * [H]e admitted an occasion in which he had his daughter place her mouth on his penis but minimized the significance of such. * * * He thought he could do no wrong and that he was a perfect human being, at times comparing himself to Jesus.
 {¶ 14} "[Reece] would occasionally choke her, beat her, threaten to kill her with knives, forks, and pens. He would threaten her with beatings if she did not perform sex acts, but would also regularly state that he wanted to marry her."
 {¶ 15} Reece now argues that the results of the Static-99 recidivism test indicated that he presented a low risk of committing another sexually-oriented offense. But this court has stated, "We reject the proposition that recidivism test results are binding upon the trial court. The court must consider all the evidence and circumstances on a case-by-case basis, employing the guidelines of R.C. 2950.09(B)(2)."[4]
Moreover, we note that the psychiatric report further stated, "It should be noted that research suggests that actuarial instruments may tend to underestimate the rate of actual re-offending for several reasons, including limited time intervals for assessments, varying definitions of recidivism, inability of actuarial instruments to account for all relevant risk facts in an individual case, and undiscovered acts of re-offending."
 {¶ 16} After reviewing the record, we hold that the trial court had sufficient evidence before it to produce a firm belief or conviction that Reece is likely to commit another sexual offense. Consequently, the court properly found by clear and convicting evidence that Reece is a sexual predator.[5]
 {¶ 17} Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
 {¶ 18} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] See R.C. 2950.01(E).
[2] See R.C. 2950.01(D).
[3] See R.C. 2950.09(B)(3)(a) through (j).
[4] State v. Morales, 153 Ohio App.3d 635, 2003-Ohio-4200,795 N.E.2d 145, at ¶ 9.
[5] State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570;State v. Morales, 153 Ohio App.3d 635, 2003-Ohio-4200, 795 N.E.2d 145.