[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Bobby Curry, Jr., appeals the adjudication as a sexual predator pursuant to R.C. Chapter 2950. In his sole assignment of error, he contends that his adjudication was against the manifest weight of the evidence. We disagree.
A sexual predator is defined, in relevant part, as a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses.[1] The record shows that Curry pleaded guilty to and was convicted of two counts of attempted rape, in violation of R.C. 2907.02 and 2923.02, and two counts of rape, in violation of R.C. 2907.02. Rape is a sexually-oriented offense.[2] Thus, the issue for the trial court to determine was whether the state had proved by clear and convincing evidence[3] that Curry was likely to commit another sexually-oriented offense in the future. Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established.[4] In determining if an offender convicted of a sexually-oriented offense is a sexual predator, the trial court must consider the legislative factors in R.C. 2950.09(B)(3).[5]
But the weight, if any, assigned to each factor is within the trial court's discretion.[6] In State v. Eppinger,[7] the Ohio Supreme Court established a three-part model to be followed to ensure a fair sexual-offender-classification hearing and to assist appellate review.
At his sexual-offender-classification hearing, Curry was present with his counsel. The trial court heard testimony and reviewed a variety of documents. The convictions of attempted rapes and rapes were committed against different victims. The sex crimes against the victims involved physical violence as well, such as beating and punching, or the threat of force. The trial court recognized that while he was incarcerated Curry had participated and completed educational or behavior-modification programs. But Curry was also evaluated by the Court Clinic in 2002. The Clinic's evaluation included a Static-99 test. The evaluation results placed Curry in a medium-to-high risk recidivism category. After reviewing the record, we hold that the trial court had sufficient evidence before it to produce a firm belief or conviction that Curry is likely to commit another sexual offense. Consequently, the court properly found by clear and convincing evidence that Curry is a sexual predator.[8] We overrule Curry's single assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] See R.C. 2950.01(E)(1)
[2] See R.C. 2950.01(D)(1).
[3] See R.C. 2950.09(B)(4).
[4] See State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[5] See State v. Crooks, 152 Ohio App.3d 294, 2003-Ohio-1546,787 N.E.2d 678. The factors previously were found in R.C.2950.09(B)(2).
[6] See State v. Thompson, 92 Ohio St.3d 584, 587, 2001-Ohio-1288,752 N.E.2d 276.
[7] See State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247,743 N.E.2d 881.
[8] See R.C. 2950.09(B); State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570; State v. Morales, 1st Dist. No. C-020604,2003-Ohio-4200.