OPINION.
{¶ 1} The defendant-appellant, Dominique Bailey, appeals from the trial court's order overruling her post-sentence motion under Crim.R. 32.1 to set aside her judgment of conviction for voluntary manslaughter and to withdraw her guilty plea. Because the trial court did not abuse its discretion by failing to permit Bailey to withdraw her guilty plea, we overrule her single assignment of error.
 {¶ 2} Bailey lived in a tumultuous relationship with Donte Clay. During an argument, she stabbed him in the chest with a knife. The knife blade penetrated his liver, causing his death. In separate counts, the grand jury indicted her for voluntary manslaughter, in violation of R.C. 2903.03(A), and murder, in violation of R.C. 2903.02(B).
 {¶ 3} On the morning of trial, Bailey agreed to a plea bargain. She entered a guilty plea to the voluntary-manslaughter count in the indictment, and in return for her guilty plea, the state agreed to dismiss the murder count. During the Crim.R.11(C) colloquy before the trial court accepted her guilty plea, Bailey said, "I feel that it was [self defense], but I just don't want to be faced with 15 to life." The trial court ordered a presentence investigation and continued the case for sentencing.
 {¶ 4} On November 24, 2003, at the sentencing hearing, the trial court questioned Bailey because she had stated in the presentence investigation that she had acted in selfdefense. She then indicated that she wanted to withdraw her guilty plea. But after a brief recess for further discussions with her trial counsel and a dialogue with the trial court concerning the voluntariness of her plea, she informed the trial court that she wished to maintain her guilty plea. The trial court sentenced her to a nine-year prison term. While still in the Justice Center, Bailey wrote to the trial court stating, "I feel like I've been railroaded for the fact being this is a self defense case." She asked if she could "get an appeal or judicial release."
 {¶ 5} On February 2, 2004, with new counsel, Bailey filed a "motion to withdraw guilty plea," claiming that she had been coerced to accept the plea bargain by her family and her attorney. She stated that her trial counsel had induced her to enter a guilty plea by telling her that she could not win at trial because all the witnesses would testify against her. She further alleged that her trial counsel would not allow her to withdraw her guilty plea at the sentencing hearing.
 {¶ 6} The decision to grant or deny a motion to withdraw a guilty plea after sentence is within the trial court's sound discretion. See State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph two of the syllabus; see, also, State v.Xie (1992), 62 Ohio St.3d 521, 525, 584 N.E.2d 715. A court may permit a defendant to withdraw his plea after sentence only to correct a "manifest injustice." See Crim.R. 32.1; see also,State v. Xie, 62 Ohio St.3d at 526, 584 N.E.2d 715. The defendant has the burden to establish manifest injustice. See id. Even under the more liberal standard relative to a presentence motion to withdraw a guilty plea under Crim.R. 32.1, a defendant's mere change of heart is insufficient justification for granting the motion. See State v. Drake (1991),72 Ohio App.3d 640, 645, 598 N.E.2d 115.
 {¶ 7} The United States Supreme Court has approved what has become known as an "Alford plea" whereby a defendant pleads guilty but maintains his or her innocence. See North Carolina v.Alford (1970), 400 U.S. 25, 37, 91 S.Ct. 160; see, also, Statev. Griggs 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d. 51, at ¶ 13. The defendant's purpose for entering an Alford plea is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both. See State v. Piacella (1971), 27 Ohio St.2d 92,271 N.E.2d 852, syllabus. Despite her claim of innocence, by pleading guilty to the lesser offense of voluntary manslaughter, as the transcript shows, Bailey knew that she would avoid a mandatory sentence of fifteen years to life for murder if a jury concluded that she did not act in self-defense and found her guilty of murder.
 {¶ 8} The record establishes that, at both the plea hearing and the sentencing hearing, Bailey voluntarily, knowingly, and understandingly waived her right to trial by entering a guilty plea to the lesser offense of voluntary manslaughter. As the prosecutor emphasized at the hearing on the motion to withdraw her guilty plea, Bailey's chance of success was doubtful, as she had told the 911 operator initially that Clay had stabbed himself. Then, she told police that Clay was accidentally stabbed when he had the knife and she wrestled with him. Finally, she claimed self-defense, which assumed that she had intentionally stabbed Clay. The prosecutor also informed the trial court that if Bailey claimed self-defense, he was prepared to offer evidence of other previous incidents in which Bailey had hit Clay with a hammer, had stabbed him in the head, and had hit him with a gun.
 {¶ 9} At the hearing on her motion to withdraw her guilty plea, Bailey was present and testified. She testified that her trial counsel, who was also present but did not testify, was ineffective and had coerced her to plead guilty because he had told her she could not win her case. But Bailey's claim of coercion was contradicted by her statements during the Crim.R. 11(C) colloquy at the plea hearing, when she said that she had not been threatened, and during her sentencing hearing, when she repeated that her plea was voluntary in response to the trial court's questioning. The transcripts of the plea hearing, the sentencing hearing, and the hearing on her motion to withdraw her guilty plea do not reflect that the performance of Bailey's trial counsel fell below an objective standard of reasonableness or that Bailey was prejudiced by his performance. See Strickland v.Washington (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052; see, also, State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 10} A determination on review that the trial court abused its discretion requires more than an error of judgment; it must be said that the trial court's ruling was "unreasonable, arbitrary or unconscionable." State v. Xie,62 Ohio St.3d at 527,584 N.E.2d 715 (citation omitted). We are unable to conclude that the trial court abused its discretion or failed to correct a manifest injustice when it overruled Bailey's motion to withdraw her guilty plea and to vacate her sentence pursuant to Crim.R. 32.1. In fact, the record demonstrates that the trial court carefully and thoughtfully considered the exhibits to her motion and supporting memorandum in the light of Bailey's arguments before overruling her post-sentence motion. The assignment of error is overruled.
 {¶ 11} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Painter, J., concur.