JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
As part as a plea bargain, defendant-appellant, Troy Peters, pleaded guilty to and was convicted of one count of attempted rape pursuant to R.C. 2907.02(A)(1) and 2923.02 and two counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4). These three offenses involved two victims under the age of thirteen. Peters was sentenced to serve a total of two years' incarceration. Because he had spent two years in jail prior to sentencing, he was released from prison. As a result of these convictions, the trial court adjudicated Peters a sexual predator.
Peters presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in overruling his post-sentence motion to withdraw his guilty pleas. He contends that when he entered the pleas, he was not aware that he would be classified as a sexual predator. He further contends that he has always maintained his innocence and that the guilty pleas were coerced. This assignment of error is not well taken.
A court may permit a defendant to withdraw a plea after sentencing only to correct a manifest injustice. The defendant bears the burden to demonstrate the injustice, and a court should grant such a motion only in extraordinary circumstances. Crim.R. 32.1; State v. Stumpf (1987),32 Ohio St.3d 95, 512 N.E.2d 598; State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324; State v. Bailey, 1st Dist. No. C-030916, 2004-Ohio-6427. The decision to grant or deny a motion to withdraw a guilty plea after sentence lies within the trial court's discretion. Smith, supra; Bailey,
supra.
In this case, the record shows that the trial court informed Peters at the plea hearing that, by entering the guilty pleas, he would at least be labeled a sexually oriented offender and that he could be adjudicated a sexual predator. Further, the record demonstrates that the court strictly complied with the provisions of Crim.R. 11(C) and correctly informed Peters of the constitutional rights that he would waive by pleading guilty. The court also substantially complied with the provisions of the rule in all other respects. See State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115; State v. Madaris, 156 Ohio App.3d 211, 2004-Ohio-653,805 N.E.2d 150; State v. McCann (1997), 120 Ohio App.3d 505,698 N.E.2d 470.
In sum, the record shows that Peters's pleas were entered knowingly and voluntarily. Consequently, we cannot hold that he has met his burden to demonstrate that a manifest injustice occurred. See Stumpf, supra;Bailey, supra. The trial court did not abuse its discretion in denying his motion to withdraw his guilty pleas, and we overrule Peters's first assignment of error.
In his second assignment of error, Peters contends that the trial court erred in classifying him as a sexual predator. He argues that the state failed to prove by clear and convincing evidence that he was likely to engage in one or more sexually oriented offenses in the future. This assignment of error is not well taken.
Our review of the record shows that the trial court had sufficient evidence before it to produce a firm belief or conviction that Peters is likely to commit another sexual offense. Consequently, clear and convincing evidence supported the trial court's judgment that Peters is a sexual predator. See R.C. 2950.09(B); State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570; State v. Morales, 153 Ohio App.3d 635,2003-Ohio-4200, 795 N.E.2d 145. Peters's main argument seems to be that the state's evidence was not credible, but as in the trial of other civil cases, the trier of fact decides what weight to give to expert testimony. Morales, supra. Accordingly, we overrule Peters's second assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.