JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a guilty plea, defendant-appellant, Jerry Keith, was convicted of attempted aggravated arson pursuant to R.C. 2909.02(A)(2) and 2923.02. The trial court sentenced him to three years of community control. Subsequently, he filed a pro se motion to withdraw his guilty plea. The trial court overruled the motion, and this appeal followed.
In his sole assignment of error, Keith contends that the trial court erred in overruling his motion to withdraw his plea. He argues that he had proclaimed his innocence all through the proceedings, that he had witnesses to testify that he was not guilty, that he had informed his attorneys of these facts but they had not acted on them, and that he had only pleaded guilty to get out of jail so that he could find his witnesses. This assignment of error is not well taken.
A court may permit a defendant to withdraw a plea after sentencing only to correct a manifest injustice. The defendant bears the burden to demonstrate the injustice, and a court should grant such a motion only in extraordinary circumstances. Crim.R. 32.1; State v. Stumpf (1987),32 Ohio St.3d 95, 512 N.E.2d 598; State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324; State v. Bailey, 1st Dist. No. C-030916, 2004-Ohio-6427. The decision to grant or deny a motion to withdraw a plea after sentence lies within the trial court's discretion. Smith, supra; Bailey, supra.
In this case, the record shows that the trial court strictly complied with the provisions of Crim.R. 11(C) and correctly informed Keith of the constitutional rights that he would waive by pleading guilty. The court also substantially complied with the provisions of the rule in all other respects. It conducted a meaningful dialogue to insure that Keith's plea was made knowingly and voluntarily. See State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115; State v. Madaris, 156 Ohio App.3d 211,2004-Ohio-653, 805 N.E.2d 150; State v. McCann (1997),120 Ohio App.3d 505, 698 N.E.2d 470.
Because Keith's plea was made knowingly and voluntarily, the trial court did not abuse its discretion in overruling his post-sentence motion to withdraw his plea. A defendant's mere change of heart is insufficient justification for granting the motion. Bailey, supra. Keith has failed to meet his burden to demonstrate that a manifest injustice occurred. Accordingly, we overrule his assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.