[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Appellant's name appears interchangeably throughout the record as either Michael Billman or Micheal Billman.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Michael T. Billman appeals the trial court's adjudication that he is a sexual predator pursuant to R.C. Chapter 2950. In July 1989, Billman pleaded guilty to one count of rape and one count of sexual battery. The trial court sentenced Billman to seven to twenty-five years in prison for the rape, to be served concurrently with an eighteen-month prison term for sexual battery.
At an October 13, 2004, classification hearing, held before a different judge than the sentencing judge, the trial court found Billman to be a sexual predator and ordered him to register upon his release from prison. Billman now objects to this classification. In his sole assignment of error, Billman contends that his sexual-predator adjudication was contrary to the manifest weight of the evidence.
To obtain a sexual-predator adjudication, the state must prove by "clear and convincing" evidence that the offender (1) has pleaded guilty to or has been found guilty of a sexually-oriented offense "that is not a registration exempt sexually-oriented offense" and (2) is "likely to engage in the future in one or more sexually-oriented offenses."[2]
Clear and convincing evidence has been defined as "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established."[3]
"In determining whether an offender convicted of a sexually-oriented offense is a sexual predator, the trial court must consider the evidence under the legislative guidelines in R.C. 2950.09(B)(2).[4] [Citations deleted.] The weight, if any, to be given to the statutory factors is within the trial court's discretion. [Citations deleted.] In making its findings, the trial court is not required to list the criteria, but is only required to consider all the criteria and guidelines under R.C. 2950.09(B)(2)."[5]
Billman claims that trial court erred in discounting the results of the Static 99 test, a psychological test that indicated he was at a very low risk for re-offending. He argues that when the results of that test are considered along with other statutory factors weighing in his favor, the only evidence in the record supporting the trial court's determination that he is a sexual predator are the circumstances surrounding his original conviction. We disagree.
At Billman's classification hearing, the trial court indicated that it had reviewed the report of a clinical psychologist, Dr. Sherry Baker, Ph.D., who had examined Billman in preparation for the sexual-predator hearing. In her report, Dr. Baker stated that even though Billman had obtained a Static-99 score of zero, which indicated that he was in the "low" risk category, there were a number of other factors that increased his likelihood of re-offending. Dr. Baker described Billman as "opportunistic and impulsive," noting that he "had used others for his own gratification," and that he had been unable to restrain himself even though he knew what he was doing was wrong. Dr. Baker further characterized Billman as lacking insight into his own behavior, including appropriate boundaries regarding sexual activity and empathy for others. Dr. Baker also emphasized, as factors that increased the likelihood of reoffending, Billman's sexual abuse as a child, his history of substance abuse, and his ability to maintain a positive image of himself in spite of the fact that he had repeatedly raped his daughter over a seven-year period.
After relating facts from the record to the statutory guidelines in R.C. 2950.09(B)(3), the trial court concluded that Billman was sexual predator. The trial court stated that its determination was based not only upon Billman's prior offense, but also upon Dr. Baker's report. The trial court found that Billman's daughter was only seven years old when the abuse began and fourteen years old when it ended. The trial court further found that Billman's commission of offenses on his own child for such a lengthy period of time evidenced a "severe lack of inhibition and inability to restrain his own behavior even though he kn[ew] it was wrong." Because the trial court discussed the factors set forth in R.C.2950.09(B)(3) and considered Dr. Baker's report, and because the report indicated a number of high-risk factors apart from those facts surrounding his original conviction, the record contains clear and convincing evidence supporting Billman's classification as a sexual predator. We, therefore, overrule Billman's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon JJ.
[2] R.C. 2950.01(E)(1); see, also, R.C. 2950.09(C).
[3] State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[4] State v. Morales, 153 Ohio App.3d 635, 2003-Ohio-4200,795 N.E.2d 145, at ¶ 8. The statute has been amended since this decision. The guidelines are now listed in R.C. 2950.09(B)(3).
[5] Id.