[Cite as *State v. Howard*, 2011-Ohio-4754.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-154 |
| | ) | |
| JEFFREY HOWARD, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 09CR697

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellee       Paul Gains
                             Prosecutor
                             Ralph M. Rivera
                             Assistant Prosecutor
                             21 W. Boardman St., 6th Floor
                             Youngstown, Ohio 44503-1426

For Defendant-Appellant      Attorney Carlo A. Ciccone
                             P.O. Box 871
                             Warren, Ohio 44482-0871

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 12, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Jeffrey Howard, appeals from a Mahoning County Common Pleas Court judgment convicting him of carrying concealed weapons following his guilty plea.

{¶2} On July 16, 2009, a Mahoning County Grand Jury indicted appellant on one count of carrying concealed weapons, a fourth-degree felony in violation of R.C. 2923.12(A)(2)(F)(1). The indictment arose from a May 10, 2009 traffic stop.

{¶3} Appellant filed a motion to dismiss arguing that he had a valid carrying concealed weapons license on May 10, 2009. Appellant asserted that on September 16, 2008, the Trumbull County Sherriff's Department, from whom he had obtained his concealed carry license, forwarded a suspension notice to him suspending his permit based on a charge of discharging a firearm while intoxicated filed against him in Youngstown Municipal Court. He further stated that on January 22, 2009, the charge was amended to one count of disorderly conduct and one count of carrying a concealed weapon, both minor misdemeanors. To his motion, appellant attached copies of the judgment entries from municipal court reflecting that he pleaded no contest to these minor misdemeanors. The judgment entries further reflected that the court fined appellant on both counts and noted, "weapon to be returned to the defendant."

{¶4} The state opposed the motion arguing that appellant was asking the court to decide the factual issue of whether appellant had or should have had a valid concealed carry license when he was stopped by police in May 2009.

{¶5} The trial court overruled appellant's motion to dismiss. Appellant also filed two other motions to dismiss the indictment, both of which the court overruled.

{¶6} On August 16, 2010, appellant entered an *Alford* plea of guilty to the charge as indicted. In exchange for appellant's plea, the state agreed to stand silent at sentencing. The court found appellant guilty as charged. It subsequently sentenced him to one year of community control.

{¶7} Appellant filed a timely notice of appeal on September 29, 2010. He now raises one assignment of error, which states:

**{¶8}** "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S AMENDED MOTION TO DISMISS BASED ON AN INDICTMENT PREDICATED UPON AN INCORRECTLY-CHARGED OFFENSE."

**{¶9}** Appellant argues that he should have never been indicted in this case because, at the time of the May 2009 traffic stop, his carrying concealed license should have been reinstated by Trumbull County. He asserts that he demonstrated by the documents he attached to his motion, that he pleaded no contest to disorderly conduct on January 22, 2009, and as of that date his concealed carry permit should have been reinstated.

**{¶10}** In support, appellant cites to R.C. 2923.128(A)(1)(b), which provides in relevant part:

**{¶11}** "The suspension shall end on the date on which the charges are dismissed or the licensee is found not guilty of the offense described in division (A)(1)(a) of this section * * *. If the suspension so ends, the sheriff shall return the license * * * to the licensee."

**{¶12}** Thus, reinstatement of a suspended license is to occur on the date the charges are dismissed or the licensee is found not guilty.

**{¶13}** Consequently, appellant argues that the trial court erred in denying his motions to dismiss based on an indictment that was predicated upon an incorrectly-charged offense.

**{¶14}** Appellant raises a valid argument for trial. Based on the documents he attached to his motion to dismiss, he could have fought the charge against him and possibly convinced a jury that he was not guilty. However, this court is not in a position to make factual determinations as to appellant's guilt or innocence.

**{¶15}** More importantly, appellant overlooks a crucial consideration. He pleaded guilty in this case. His guilty plea was in the form of an *Alford* plea.

**{¶16}** An *Alford* plea is a guilty plea made in accordance with *North Carolina v. Alford* (1970), 400 U.S. 25, whereby the defendant pleads guilty but maintains that he did not commit the crime that he is pleading to. An *Alford* plea is "merely a

species of guilty plea" and is "procedurally indistinguishable" from a guilty plea. *State v. Carter* (1997), 124 Ohio App.3d 423, 429; *State v. Nguyen*, 6th Dist. No. L-05-1369, 2007-Ohio-2034, at ¶18. "The defendant's purpose for entering an *Alford* plea is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." *State v. Bailey*, 1st Dist. No. C-030916, 2004-Ohio-6427, at ¶7.

{¶17} By entering an *Alford* plea the defendant waives review of all alleged errors, except those errors that may have affected the entry of the plea pursuant to Crim.R. 11. *Nguyen*, 2007-Ohio-2034, at ¶18; *State v. Lewis* (July 30, 1999), 7th Dist. No. 97-CA-161. Appellant was well aware of this waiver.

{¶18} Here, when appellant entered his plea, the court informed him that by entering an *Alford* plea he would give up important rights, including his right to an appeal if the case went to trial and the jury returned a verdict of guilty. (Plea Tr. 7). When the court asked appellant if he understood that he was giving up these rights, appellant answered, "Yes, sir." (Plea Tr. 7).

{¶19} Therefore, appellant has waived review in this case as to whether the trial court erred in denying his motion to dismiss his indictment. As such, appellant's assignment of error is waived for purposes of this appeal.

{¶20} For the reasons stated above, the trial court's judgment is hereby affirmed.

VUKOVICH, J., concurring:

{¶21} I write separately because appellant's position is untenable due to the fallacy of his argument, and not just because he entered an "Alford" guilty plea. In my view, the result would be the same even if he had entered a "no contest" plea.

{¶22} Here, appellant argues that the trial court should have sustained his motion to dismiss because he had a valid concealed carry permit at the time of his alleged offense. In essence, he is raising a defense or stating that the state cannot meet its burden of production which constitutes a sufficiency argument. The trial court cannot grant this type of motion prior to trial. The Eighth Appellate District has

succinctly explained this as follows:

**{¶23}** "As a result, '[a] pretrial motion must not involve a determination of the sufficiency of the evidence to support the indictment. If the indictment is valid on its face, a motion to dismiss should not be granted.'  Preztak, citing State v. Eppinger, 162 Ohio App.3d 795, 835 N.E.2d 746, 2005-Ohio-4155, citing State v. Varner (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476 (stating '[t]he Ohio Rules of Criminal Procedure * * * do not allow for "summary judgment" on an indictment prior to trial'); Columbus v. Storey, 10th Dist. No. 03AP-743, 2004-Ohio-3377, ¶7; State v. Tipton (1999), 135 Ohio App.3d 227, 228, 733 N.E.2d 634 (noting that '[w]hen a defendant in a criminal action files a motion to dismiss that goes beyond the face of the indictment, he is, essentially, moving for summary judgment').

**{¶24}** "The Supreme Court of Ohio carved out an exception to the general rule, noting that a court may consider material outside the face of the indictment if the 'motion did not embrace what would be the general issue at trial.' State v. Brady, 119 Ohio St.3d 375, 894 N.E.2d 671, 2008-Ohio-4493, ¶ 18. Crim.R. 12(C), however, does not permit a court to determine a pretrial motion to dismiss if it requires the trial court also to determine the general issue for trial. Id."  State v. Palmer, 10th Dist. Nos. 09AP-956 and 09AP-957, 2010-Ohio-2421, ¶12-13.

Vukovich, J., concurs with attached concurring opinion.

Waite, P.J., concurs.