[Cite as *State v. Howard*, 2013-Ohio-1437.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 41 |
| V. | ) | |
| | ) | OPINION |
| JEFFREY HOWARD, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 09CR697

JUDGMENT:     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee     Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant     Attorney Rhys B. Cartwright-Jones
42 N. Phelps St.
Youngstown, Ohio 44503-1130

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 27, 2013

DONOFRIO, J.

**{¶1}** Defendant-appellant, Jeffrey Howard, appeals from a Mahoning County Common Pleas Court judgment denying his post-sentence motion to vacate his guilty plea to a charge of carrying a concealed weapon.

**{¶2}** On July 16, 2009, a Mahoning County Grand Jury indicted appellant on one count of carrying a concealed weapon, a fourth-degree felony in violation of R.C. 2923.12(A)(2)(F)(1). The indictment arose from a May 10, 2009 traffic stop.

**{¶3}** Appellant filed a motion to dismiss arguing that he had a valid concealed carry license on May 10, 2009. Appellant asserted that on September 16, 2008, the Trumbull County Sherriff's Department, from whom he had obtained his concealed carry license, forwarded a suspension notice to him suspending his permit based on a charge of discharging a firearm while intoxicated filed against him in Youngstown Municipal Court. He further stated that on January 22, 2009, the charge was amended to one count of disorderly conduct and one count of carrying a concealed weapon, both minor misdemeanors. To his motion, appellant attached copies of the judgment entries from municipal court reflecting that he pleaded no contest to these minor misdemeanors. The judgment entries further reflected that the court fined appellant on both counts and noted, "weapon to be returned to the defendant."

**{¶4}** The state opposed the motion arguing that appellant was asking the court to decide the factual issue of whether appellant had or should have had a valid concealed carry license when he was stopped by police in May 2009.

**{¶5}** The trial court overruled appellant's motion to dismiss. On August 16, 2010, appellant entered an Alford plea of guilty to the charge as indicted.

**{¶6}** An Alford plea is a guilty plea made in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), whereby the defendant pleads guilty but maintains that he did not commit the crime that he is pleading to. An Alford plea is "merely a species of guilty plea" and is "procedurally indistinguishable" from a guilty plea. *State v. Carter*, 124 Ohio App.3d 423, 429, 706 N.E.2d 409 (2d Dist.1997); *State v. Nguyen*, 6th Dist. No. L-05-1369, 2007-Ohio-2034, ¶18. "The defendant's

purpose for entering an Alford plea is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." *State v. Bailey*, 1st Dist. No. C-030916, 2004-Ohio-6427, ¶7.

{¶7} By entering an Alford plea the defendant waives review of all alleged errors, except those errors that may have affected the entry of the plea pursuant to Crim.R. 11. *Nguyen*, 2007-Ohio-2034, ¶18; *State v. Lewis*, 7th Dist. No. 97-CA-161, 1999 WL 599280 (July 30, 1999).

{¶8} In exchange for appellant's plea, the state agreed to stand silent at sentencing. The court found appellant guilty as charged. It subsequently sentenced him to one year of community control.

{¶9} Appellant appealed arguing that he should have never been indicted because, at the time of the May 2009 traffic stop, his concealed carry license should have been reinstated by Trumbull County. *State v. Howard*, 7th Dist. No. 10-MA-154, 2011-Ohio-4754. He asserted that he demonstrated by the documents he attached to his motion, that he pleaded no contest to disorderly conduct on January 22, 2009, and as of that date his concealed carry permit should have been reinstated. *Id*.

{¶10} This court found that while appellant raised a valid argument for trial, we were "not in a position to make factual determinations as to appellant's guilt or innocence." *Id*. at ¶14. Moreover, we found that because appellant entered an Alford/guilty plea, he waived any review of whether the trial court erred in denying his motion to dismiss his indictment. *Id*. at ¶¶17, 19. Thus, we affirmed appellant's conviction.

{¶11} On January 20, 2012, appellant filed a motion to vacate his guilty plea. He alleged that his counsel misinformed him that by entering an Alford plea he would preserve all factual issues that would have been raised at a trial for review on appeal. He stated that he entered his plea on his counsel's advice and had intended to pursue an appeal. Appellant attached his affidavit in support where he averred that he relied on his counsel's advice that entering an Alford plea would allow him the opportunity to raise factual issues on an appeal. The trial court overruled appellant's

motion without a hearing.

**{¶12}** Appellant filed a timely notice of appeal on March 2, 2012.

**{¶13}** Appellant raises a single assignment of error, which states:

THE TRIAL COURT ERRED IN DENYING MR. HOWARD'S MOTION TO VACATE HIS GUILTY PLEA WITHOUT A HEARING.

**{¶14}** Appellant argues that he did not enter his plea knowingly, voluntarily, and intelligently because he relied on his trial counsel's advice that an Alford plea would preserve his right to appeal factual issues. Because an Alford plea does not preserve a defendant's right to appeal factual issues, appellant argues his counsel was ineffective and this ineffectiveness affected his decision to enter the Alford plea.

**{¶15}** The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶16}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526.

**{¶17}** The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *Smith*, 49 Ohio St.2d at paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence motion to withdraw a plea is allowed only in extraordinary cases. *Id.* at 264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id.*, citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963).

{¶18} Furthermore, although there is no time limit to make this motion after a sentence is imposed, an undue delay between the time when the motion is filed and the reason for filing the motion is a factor adversely affecting the credibility of the movant. *Id.*

{¶19} As for a hearing, it is not required on a post-sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn. *State v. Snyder*, 7th Dist. No. 08-JE-27, 2009-Ohio-4813, ¶15, citing *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist.1984). Thus, a defendant is only entitled to a hearing on a motion to withdraw if the trial court determines the defendant alleged facts sufficient to prove a manifest injustice. *Id.*

{¶20} Defendants have a Sixth Amendment right to counsel that extends to the plea-bargaining process. *Missouri v. Frye*, 132 S.Ct. 1399, 1407, 183 L.Ed.2d 379 (2012). While engaged in plea bargaining, defendants are "entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012), quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

{¶21} The United States Supreme Court has held in several cases that erroneous advice by counsel which induces a decision by a defendant that results in prejudice to that defendant, is a ground for reversal. See *Lafler*, 132 S.Ct. 1376 (defendant was prejudiced by counsel's advice to reject plea offer and go to trial where he was convicted); *Frye*, 132 S.Ct. 1399 (counsel was deficient in failing to communicate plea offer by the prosecution to the defendant before it expired); *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) (counsel was deficient in failing to inform the defendant that his guilty plea made him subject to automatic deportation).

{¶22} In this case, the trial court abused its discretion in denying appellant's motion to withdraw his plea without holding a hearing. To his motion, appellant attached his affidavit where he averred that his counsel advised him that by entering

an Alford plea, he could raise his factual argument on appeal that he had a valid concealed carry license at the time he was arrested. This was appellant's position from the beginning of the case. If appellant's statements in his affidavit are correct, then he was subject to a manifest injustice. Appellant entered his plea only because he thought he would have a chance to raise his argument concerning his concealed carry license on appeal. At the plea hearing, the trial court did inform appellant that by entering an Alford plea he would give up important rights, including his right to an appeal if the case went to trial and the jury returned a verdict of guilty. (Plea Tr. 7). However, in his affidavit, appellant states that he relied on his attorney's misrepresentation.

{¶23} The timing of the motion to withdraw his plea and the case history also supports appellant's position. After entering his plea and being convicted, appellant filed a timely notice of appeal. In his appeal, appellant argued that the trial court had erred in failing to dismiss the indictment against him. He made a specific argument based on numerous facts he asserted: (1) at the time of the May 2009 traffic stop, his carrying concealed license should have been reinstated by Trumbull County; (2) the documents attached to his motion to dismiss demonstrated he pleaded no contest to disorderly conduct on January 22, 2009; and (3) as of that date his concealed carry permit should have been reinstated.

{¶24} Thus, appellant filed a timely appeal and raised arguments based on the facts. But this court affirmed appellant's conviction. In doing so, we stated that we could not make factual determinations as to appellant's guilt or innocence and because appellant entered an Alford plea, he waived review of all alleged errors, except those errors that may have affected the entry of the plea. We entered our decision on September 12, 2011. Appellant then filed his motion to withdraw his guilty plea on January 20, 2012. This timeline indicates that appellant attempted to raise his factual argument in his direct appeal and, when we informed him that he could not do so based on the plea he entered, he filed the motion to withdraw his plea.

**{¶25}** We must also address the state's contention that even if appellant was given bad advice by his counsel, he suffered no prejudice. At oral argument, the state asserted that appellant's concealed carry license was suspended at the time he was arrested in this case (May 10, 2009) based on his misdemeanor convictions for disorderly conduct, in violation of 2912.11(A), and carrying a concealed weapon, in violation of R.C. 2923.12(B)(1).

**{¶26}** Appellant entered no contest pleas to the misdemeanor charges on September 14, 2008, and the Youngstown Municipal Court found him guilty of those charges. The Youngstown Municipal Court judgment entry states that the charges were both minor misdemeanors amended down from first-degree misdemeanors.

**{¶27}** The state argued here that appellant's concealed carry permit was suspended pursuant to R.C. 2923.128(A)(2)(a), which provides in pertinent part:

> If a licensee holding a valid license issued under section 2923.125 or 2923.1213 of the Revised Code is convicted of or pleads guilty to a misdemeanor violation of division (B)(1) * * * of section 2923.12 of the Revised Code * * * the sheriff who issued the license or temporary emergency license shall suspend it and shall comply with division (A)(3) of this section upon becoming aware of the conviction or guilty plea.

**{¶28}** A suspension under R.C. 2923.128(A)(2)(a) for a violation of R.C. 2923.12(B)(1), is to begin on the date the licensee is convicted and is to end one year after that date. R.C. 2923.128(A)(2)(b). Thus, the state asserted that the one-year suspension applied to appellant.

**{¶29}** R.C. 2923.12(B)(1), the carrying concealed weapon provision that appellant pleaded no contest to, reads:

> (B) No person who has been issued a license or temporary emergency license to carry a concealed handgun under section 2923.125 or 2923.1213 of the Revised Code * * * shall do any of the

following:

(1) If the person is stopped for a law enforcement purpose and is carrying a concealed handgun, fail to promptly inform any law enforcement officer who approaches the person after the person has been stopped that the person has been issued a license or temporary emergency license to carry a concealed handgun and that the person then is carrying a concealed handgun[.]

**{¶30}** Generally, a violation of  R.C.  2923.12(B)(1), is a first-degree misdemeanor that carries with it the one-year concealed carry license suspension set out in R.C. 2923.128(A)(2)(a).  R.C. 2923.12(F)(3).  But there is an exception.  R.C. 2923.12(F)(3) provides:

If, at the time of the stop of the offender for a law enforcement purpose that was the basis of the violation, any law enforcement officer involved with the stop had actual knowledge that the offender has been issued a license or temporary emergency license to carry a concealed handgun, *carrying concealed weapons in violation of division (B)(1) of this section is a minor misdemeanor*, *and the offender's license or temporary emergency license to carry a concealed handgun shall not be suspended pursuant to division (A)(2) of section 2923.128 of the Revised Code.*

(Emphasis added.)

**{¶31}** Because appellant pleaded no contest to and was convicted of minor misdemeanor carrying a concealed weapon, it appears the one-year license suspension would not apply to him.  Thus, the state's argument on this issue is not well-taken.

**{¶32}** Because appellant alleged facts that, if accepted as true by the trial court would require it to permit appellant to withdraw his guilty plea, the trial court

should have held a hearing on appellant's motion.

**{¶33}** Accordingly, appellant's sole assignment of error has merit.

**{¶34}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded for the trial court to hold a hearing on appellant's motion to withdraw his plea.

Vukovich, J., concurs.

Waite, J., concurs.