DECISION.
{¶ 1} Defendant-appellant Johnny Cockshutt was convicted of two counts of rape in 1987. The victim was his eight-year-old niece. The trial court sentenced him to consecutive ten-to-twenty-five-year terms of incarceration. In 2005, Cockshutt was adjudicated a sexual predator. He now appeals that adjudication. We affirm.
 {¶ 2} At Cockshutt's sexual-predator hearing, the state presented the indictment and the grand-jury transcript from Cockshutt's rape convictions, summary reports of Cockshutt's prison record, a sexual-predator screening report, and a court clinic report.
 {¶ 3} The state argued that Cockshutt should be adjudicated a sexual predator, citing his lengthy criminal record that included a conviction for soliciting a prostitute, numerous prison violations, and Cockshutt's failure to complete any sex-offender program while incarcerated. The state also noted that Cockshutt's victim was only eight years old and was his niece, and it contended that Cockshutt had exhibited cruelty in statements he made to her after raping her.
 {¶ 4} The state further relied on the court clinic report, which revealed that there was widespread incest in Cockshutt's family and that Cockshutt had been sexually abused as a child. The court clinic report also stated that Cockshutt had a history of impulsivity and poor decision-making, with limited insight into his difficulties.
 {¶ 5} Finally, the state presented evidence that Cockshutt had suffered from adjustment disorder and major depression, and had severe substance-abuse problems, and that he had a history of suicide attempts while in prison. Furthermore, the state argued that Cockshutt had not expressed remorse or accepted responsibility for his crimes. The state conceded that Cockshutt scored low on the static 99 test, indicating a low possibility for re-offending.
 {¶ 6} In response, Cockshutt argued that there was no pattern of abuse with the victim and that he had had no violent offenses before the rape. Cockshutt noted that he had earned two college degrees while incarcerated and that he had maintained his marriage for 15 years. He further claimed that he had been free from substance abuse for several years. Finally, Cockshutt argued that the low score on the static 99 recidivism test indicated that he should not be adjudicated a sexual predator.
 {¶ 7} For an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[1] Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the truth of the allegations sought to be established.[2]
 {¶ 8} In making a determination whether an offender is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, the following: (1) the offender's age; (2) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (3) the age of the victim of the sexually-oriented offense for which sentence is to be imposed; (4) whether the offense involves multiple victims; (5) whether the offender used drugs or alcohol to impair the victim of the sexually-oriented offense or to prevent the victim from resisting; (6) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually-oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the commission of the sexually-oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contribute to the offender's conduct.[3]
 {¶ 9} At Cockshutt's sexual-predator hearing, the trial court stated that the evidence presented a close case. But the court noted the nature of the underlying sexually-oriented offenses and the powerlessness of an eight-year-old girl. The court further cited Cockshutt's ongoing misconduct while in prison, his prior criminal record, his conviction for solicitation, and the court clinic report. The court then found that there was clear and convincing evidence that Cockshutt should be categorized as a sexual predator.
 {¶ 10} In his single assignment of error, Cockshutt argues that there was no evidence presented that he was likely to re-offend. Where the required degree of proof is clear and convincing evidence, a reviewing court must examine the record and determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.[4]
 {¶ 11} We conclude from our review of the record that there was sufficient evidence to support the trial court's finding that Cockshutt is likely to commit a sexually-oriented offense in the future and to support his adjudication as a sexual predator. Cockshutt was found guilty of two counts of rape, had a lengthy criminal record, including a conviction for solicitation, and did not complete any sex-offender programs while in prison.
 {¶ 12} While Cockshutt did score low on the static 99 test, the court clinic report detailed Cockshutt's emotional problems and troubled family background. This evidence satisfies us that the trial court had sufficient evidence before it to support its findings that Cockshutt is likely to re-offend and that he is a sexual predator.
 {¶ 13} Therefore, we overrule Cockshutt's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Gorman, P.J., and Hendon, J., concur.
[1] R.C. 2950.01(E)(1); State v. Eppinger, 91 Ohio St.3d 158,163, 2001-Ohio-247, 743 N.E.2d 881.
[2] See Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[3] R.C. 2950.09(B)(3).
[4] See Cross v. Ledford, supra.