DECISION.
{¶ 1} Defendant-appellant James Fahey appeals the trial court's adjudication of him as a sexual predator. We affirm.
 {¶ 2} In 1984, at the age of 16, Fahey was convicted of attempted aggravated murder and rape. Fahey lured a friend's fourteen-year-old sister into a wooded area, where he choked her with a spark plug wire until she lost consciousness. Fahey then raped her and left her in the woods.
 {¶ 3} Fahey pleaded no contest to the charges and was sentenced to 15-50 years in prison. After serving 20 years, Fahey was released from prison in February 2005.
 {¶ 4} At Fahey's sexual-predator hearing, conducted before his release, the state presented the grand-jury transcript from Fahey's convictions, a court-clinic report, and Fahey's juvenile-court record.
 {¶ 5} The state argued that Fahey should be adjudicated a sexual predator, contending that Fahey's victim had been a stranger to him, and that he had exhibited cruelty by leaving her for dead in the woods. The state also cited Fahey's extensive juvenile record, which included delinquencies for public indecency, assault, robbery, and criminal damaging. In addition, the state noted that, at the time of his offenses, Fahey appeared to have been influenced by substance abuse. Furthermore, Fahey scored a 5 on the static 99 test, indicating a "moderate-high" possibility of re-offending.
 {¶ 6} The victim's father attended the hearing and asked the court to require that Fahey be monitored, stating that Fahey had showed no remorse for his especially brutal crime.
 {¶ 7} Fahey limited his response to his written memorandum to the trial court. In it, he argued that Ohio's sex-offender scheme violated his constitutional protections against ex post facto and retroactive laws.
 {¶ 8} He also argued that he was remorseful for his crimes and had done his best to take advantage of his time in prison. In addition to completing his high school education, Fahey earned an associate's degree and received training in the fields of auto mechanics, welding, and computer programming. He also completed a sex-offender program while in prison. Furthermore, Fahey stated that he had not used or abused alcohol or drugs for over 21 years.
 {¶ 9} For an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense, and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[1] Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the truth of the allegations sought to be established.[2]
 {¶ 10} In making a determination whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) whether the offender completed any sentence imposed for a prior criminal offense or participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the offense, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contributed to the offender's conduct.[3]
 {¶ 11} At Fahey's sexual-predator hearing, the trial court found that there was clear and convincing evidence that Fahey should be categorized as a sexual predator. In support of its finding, the court cited Fahey's offenses and the fact that he left a fourteen-year-old girl for dead. The court also relied on Fahey's static 99 score indicating a moderate-high risk of re-offending, as well as the court clinic's assessment that Fahey displayed an antisocial orientation. Finally, the trial court noted Fahey's history of substance abuse and the early onset of sexual-anger problems, along with his extensive juvenile record.
 {¶ 12} In his first assignment of error, Fahey again presents his argument that his classification as a sexual predator violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. In State v. Cook, the Ohio Supreme Court considered this exact argument and rejected it.[4]
Therefore, we overrule Fahey's first assignment.
 {¶ 13} In his second assignment, Fahey argues that the trial court's finding that he was a sexual predator was against the manifest weight of the evidence. Where the required degree of proof is clear and convincing evidence, a reviewing court must examine the record and determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.[5]
We conclude from our review of the record that there was sufficient evidence to support the trial court's adjudication of Fahey as a sexual predator. Fahey was found guilty of raping a fourteen-year-old girl. The static 99 test indicated a moderate-high risk of Fahey re-offending, and Fahey had an extensive juvenile record before committing the underlying offenses in this case.
 {¶ 14} While Fahey did complete a sex-offender program while in prison and claimed to no longer have substance-abuse issues, we are satisfied that the trial court had sufficient credible evidence before it to conclude that Fahey is a sexual predator. Therefore, we overrule Fahey's second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Hendon, J., concur.
[1] R.C. 2950.01(E)(1); State v. Eppinger, 91 Ohio St.3d 158,163, 2001-Ohio-247, 743 N.E.2d 881.
[2] See Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[3] R.C. 2950.09(B)(3).
[4] See State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570.
[5] See Cross v. Ledford, supra.