DECISION
{¶ 1} Defendant-appellant Charles Collins appeals the trial court's adjudication of him as a sexual predator. We affirm.
 {¶ 2} In 1984, Collins was convicted of rape and felonious assault. Collins had been staking out apartments to burglarize when he observed construction workers entering and leaving a woman's apartment. Mistakenly assuming that the woman was a prostitute, Collins entered her apartment and attempted to tie the woman up. The woman fought back and injured him. Collins became enraged and then beat and raped her. Collins pleaded guilty to the charges and was sentenced to 15 to 40 years in prison.
 {¶ 3} At Collins's sexual-predator hearing, the state presented the transcript of Collins's plea and sentencing hearings, the judgment entry for Collins's convictions and sentence, an institutional summary report, his prison offense record, a court clinic report, and a sexual-predator screening instrument.
 {¶ 4} The state also presented the testimony of Doctor Sherry Baker, the psychologist who had completed the court clinic report on Collins. Baker testified that Collins, 61 years old at the time of the hearing, was a career criminal who had always supported himself by stealing. Before his incarceration for the rape and felonious assault, Collins had spent most of his adult life in and out of prison, primarily for theft offenses.
 {¶ 5} Baker reported that Collins had an antisocial-personality disorder. Baker testified that Collins very frankly expressed long-standing anti-social attitudes and behaviors. Said Baker, "He doesn't embrace the values of conventional society. As a matter of fact, he looks for opportunities to get what he wants, you know, the power and the possessions, by using others and taking from others." Baker's report stated that Collins had never had a significant or long-term relationship, choosing mostly to live and have sex with prostitutes and drug addicts.
 {¶ 6} When asked about his conviction for rape and felonious assault, Collins explained to Baker that, after the woman resisted, foiling his burglary and hurting his hand, "I went ahead and raped her. She didn't let me rob her, and I thought I might as well get something out of this." He also told Baker, "When I get angry, I like to hurt somebody."
 {¶ 7} Baker further testified that Collins had difficulty maintaining control over his impulses and exhibited poor judgment. Baker's report indicated that Collins presented a hypermasculine façade that had been associated with attempts to cover up underlying feelings of inadequacy in dealing with women, as demonstrated by attempts to "put women down" in order to bolster his own self-esteem.
 {¶ 8} Baker also testified that Collins scored high on the static 99 test, which indicated that he had a high risk of re-offending. While in prison, Collins at first refused to enroll in a sex-offender program. When he learned that he would not be paroled until he completed a program, he enrolled, but he harassed and threatened the others in the class and was terminated from the program. Collins also had several violations of prison rules, including possession of razor blades.
 {¶ 9} For an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense, and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[1] Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the truth of the allegations sought to be established.[2]
 {¶ 10} In making a determination whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) whether the offender completed any sentence imposed for a prior criminal offense or participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the offense, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contributed to the offender's conduct.[3]
 {¶ 11} At Collins's sexual-predator hearing, the trial court found that there was clear and convincing evidence that Collins should be categorized as a sexual predator. In support of its finding, the court noted that Collins had committed a brutal and violent rape. The court cited Collins's comment that "[w]hen I get angry, I like to hurt somebody," and noted that Collins "continue[d] to have a negative view of women." The court further noted that Collins had been terminated from the sex-offender program in prison. Finally, the court cited Collins's extensive and serious criminal record before the rape and felonious assault offenses, his violation of prison rules, and his high score on the static 99 test.
 {¶ 12} In his single assignment of error, Collins argues that the trial court's finding that he was a sexual predator was against the manifest weight of the evidence. Where the required degree of proof is clear and convincing evidence, a reviewing court must examine the record and determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.[4]
 {¶ 13} We conclude from our review of the record that there was sufficient evidence to support the trial court's adjudication of Collins as a sexual predator. Collins brutally attacked and raped a woman, had a lengthy criminal record, failed to complete sex-offender treatment, and demonstrated no remorse for his offenses or inclination to change his behaviors. Furthermore, he scored high on the static 99 test, indicating a high risk of re-offending.
 {¶ 14} We are satisfied that the trial court had sufficient credible evidence before it to conclude that Collins was a sexual predator. Therefore, we overrule his assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
[1] R.C. 2950.01(E)(1); State v. Eppinger, 91 Ohio St.3d 158,163, 2001-Ohio-247, 743 N.E.2d 881.
[2] See Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[3] R.C. 2950.09(B)(3).
[4] See Cross v. Ledford, supra.