DECISION.
{¶ 1} Defendant-appellant William A. Hodge appeals his convictions for rape and gross sexual imposition, arguing that (1) there was insufficient evidence to convict him; (2) the convictions were against the manifest weight of the evidence; (3) the convictions for two counts of rape and one count of gross sexual imposition arising out of conduct on January 2, 2005, involved allied offenses of similar import, and the court could not sentence him separately for each offense; and (4) the trial court erred by classifying him as a sexual predator. These assignments are without merit.
I. A Heinous Crime
 {¶ 2} On January 2, 2005, Hodge approached his nine-year-old stepdaughter, Alana, while she lay on the bed watching television. He rubbed her vagina with his fingers and then inserted his fingers into her vagina. Alana left the room and went downstairs to the laundry room. As she was doing laundry, Hodge placed her on top of the dryer, pulled down her underwear, and performed cunnilingus on her. When she got up to leave the room, he blocked the stairway. He then pulled down his underwear and told her to perform fellatio on him, but she refused.
 {¶ 3} Several days later, Alana told her mother, Jill, about this incident. Because Hodge was a schoolteacher and walked home each day to eat lunch, Jill confronted Hodge that day when he came home for lunch. While he denied everything at first, he eventually admitted that Alana had been enticing him and fondling him. He also admitted to rubbing her vagina but claimed that she was "too little" to penetrate.
 {¶ 4} Jill took Alana to Cincinnati Children's Hospital Medical Center and talked to Cincinnati Police Personal Crimes Detective Jane Noel. Detective Noel provided the equipment for Jill to engage Hodge in a one-party consent call. During that phone call, Hodge admitted that Alana would rub his penis with her hands and that he would also rub her vagina with his hands.
 {¶ 5} Detective Noel also sat down to interview Hodge. He waived hisMiranda rights and the interview was recorded. During the interview, Hodge stated that Alana would entice him, and that he could not control himself. He confessed to having put his finger into Alana's vagina and anus, performing cunnilingus on her, and having her perform fellatio on him.
 {¶ 6} On January 14, 2005, Hodge was charged with seven counts of rape[1] and two count of gross sexual imposition.[2] Two counts of rape and one of gross sexual imposition were severed from the indictment because those charges involved a separate victim.
 {¶ 7} At trial, Alana testified to the events of January 2, 2005, and testified that Hodge had begun sexually abusing her just before her eighth birthday. She stated that Hodge would rub her vagina and place his fingers inside her about once every two weeks. She also stated that Hodge had placed his penis inside her mouth about five to seven times over the previous 18 months. Alana further testified that she had participated in these acts because she was afraid that Hodge would "do something" to her.
 {¶ 8} On June 22, a jury found Hodge guilty of four counts of rape and one count of gross sexual imposition. Because the victim was under ten, there was a mandatory life sentence under R.C. 2907.02(B).
 {¶ 9} On July 12, Hodge waived his right to a jury trial on the remaining charges and entered a guilty plea to one count of rape in exchange for the state's dismissal of the life specification to that count, as well as the other count of rape and gross sexual imposition. As part of the plea agreement, there was an agreed sentence of eight years, which was to be concurrent with any time imposed for the other counts. The trial court complied with Crim. R. 11 before accepting Hodge's guilty plea.
 {¶ 10} On the same date, the trial court held a sexual-classification hearing. Hodge argued that he should not be classified as a sexual predator because (1) the Static-99 test had determined him to be at a low risk to reoffend, and (2) he had no prior record of sexually oriented offenses (or any other offenses for that matter). But the trial court found by clear and convincing evidence that Hodge was a sexual predator, specifically a child-victim offender.
 {¶ 11} The trial court then held the sentencing hearing. The court ordered Hodge to serve life sentences on the four counts of rape, four years on the one count of gross sexual imposition, and eight years for the agreed sentence for the remaining rape charge. Two of the life sentences and the four-year sentence were made consecutive, but the other sentences were to run concurrently. This appeal followed.
II. Sufficiency and Weight of the Evidence
 {¶ 12} In his first assignment of error, Hodge argues that there was insufficient evidence for the jury to find him guilty of rape and gross sexual imposition. He further claims that his convictions were against the manifest weight of the evidence.
 {¶ 13} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the state. We then determine whether that evidence could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt.[3]
 {¶ 14} And a review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[4] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[5] A new trial should be granted only in exceptional cases where the evidence weighs heavily against conviction.[6]
 {¶ 15} In this case, Hodge was convicted of rape and gross sexual imposition. The rape statute prohibits a person from engaging in sexual conduct with another person under 13. The gross-sexual-imposition statute prohibits a person from having sexual contact with a person under 13.
 {¶ 16} Hodge argues there was no physical evidence to show that he had inserted any part of his body or any other object into Alana's vagina. He also questions Alana's competency because she turned ten years old just a month before trial. Finally, Hodge states that while he admitted to touching Alana's vagina, he now claims that he did not admit to inserting his fingers into her vagina, engaging in cunnilingus, or engaging in fellatio. Not so. A careful review of the interview with Detective Noel reveals that Hodge did in fact confess to inserting his fingers into Alana's vagina and anus, as well as engaging in cunnilingus and fellatio.
 {¶ 17} At trial, the state offered evidence to show that Hodge had engaged in sexual conduct and sexual contact with Alana when she was under the age of 13. Alana testified that, just before her eighth birthday in 2003, Hodge would rub her vagina and put his fingers in her vagina about once every two weeks. She also testified that on January 2, 2005, Hodge rubbed her vagina with his fingers, placed his fingers inside her vagina, performed cunnilingus on her, and asked her to perform fellatio on him. Hodge did these things while he was married to Alana's mother, Jill, and he was obviously aware that Alana was under 13.
 {¶ 18} Also, the state introduced into evidence Hodge's interview with Detective Noel and the one-party consent call that Jill had made to Hodge. In both instances, Hodge confessed to touching Alana, placing his mouth on her vagina, and having Alana perform fellatio on him. In the Detective Noel interview, Hodge also stated that he had placed a finger in Alana's anus.
 {¶ 19} We conclude that a rational factfinder, viewing the evidence in a light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that Hodge had committed the offenses of rape and gross sexual imposition. Therefore, the evidence presented was legally sufficient to sustain Hodge's convictions.
 {¶ 20} And our review of the record does not persuade us that the jury clearly lost its way and created a manifest miscarriage of justice in finding Hodge guilty of rape and gross sexual imposition. Therefore, the convictions were not against the manifest weight of the evidence. Accordingly, we overrule Hodge's first assignment of error.
III. Allied Offenses
 {¶ 21} Hodge's second assignment of error challenges his two life sentences for two counts of rape and the four years' incarceration for gross sexual imposition, when the offenses arose out of the same course of conduct on January 2, 2005. Hodge argues that these three offenses were allied offenses of similar import under R.C. 2941.25(A) and that no separate animus existed for the commission of each of these crimes. As a result, Hodge contends that he should not have been sentenced separately for each crime.
 {¶ 22} R.C. 2941.25(A) provides, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment * * * may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 23} In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), courts must assess "whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. "[7] If the elements do correspond, the defendant may be convicted and sentenced for only one offense unless the court finds that the defendant committed the crimes separately or with separate animus.[8] Therefore, we must review Hodge's conduct to determine whether the rapes and gross sexual imposition were allied offenses of similar import or whether they were committed separately or with separate animus.[9]
 {¶ 24} The gross sexual imposition, the rubbing of Alana's vagina, was not necessary for the completion of the separate counts of rape, which consisted of the insertion of Hodge's finger in her vagina in the bedroom, and then the cunnilingus in the basement. There was also a temporal difference between each act, and each act was committed separately.
 {¶ 25} We conclude that the convictions for two counts of rape and one count of gross sexual imposition arising out of the conduct of January 2, 2005, did not involve allied offenses of similar import under R.C. 2941.25(A), and that the offenses were each committed separately, with a separate animus. Thus, Hodge's second assignment of error is overruled.
IV. Sexual-Predator Classification
 {¶ 26} In his third assignment of error, Hodge challenges his sexual-predator classification. Hodge argues that while he might have been labeled a pedophile for his crimes, this did not automatically make him a sexual predator. He maintains that because he had no prior convictions and the Static-99 test placed him in the low-risk category to reoffend, he should not have been classified a sexual predator.
 {¶ 27} A sexual predator is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[10] Before a trial court may adjudicate an offender as a sexual predator, it must first conduct a sexual-predator hearing in the manner described in R.C. 2950.09(B)(1).
 {¶ 28} In making a determination whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) whether the offender completed any sentence imposed for a prior criminal offense or participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the offense, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contributed to the offender's conduct.[11]
 {¶ 29} After the trial court reviews the testimony and evidence presented at the sexual-predator hearing and considers the factors specified in R.C. 2950.09 (B)(3), it "shall determine by clear and convincing evidence whether the offender is a sexual predator."[12]
Clear and convincing evidence is that degree of proof that will produce in the mind of the factfinder a firm conviction that the allegations are true.[13]
 {¶ 30} To ensure compliance with the applicable principles of law and to provide fairness in sexual-predator hearings, the Ohio Supreme Court, in State v. Eppinger, adopted a model procedure for sexual-offender-classification hearings.[14] The model procedure provided by Eppinger delineates three objectives for every sexual-predator hearing. The trial court should (1) create a record for review; (2) have an expert, if required, to assist the trial court in determining whether the offender is likely to commit a sexually oriented offense in the future; and (3) consider the statutory factors listed in R.C. 2950.09(B)(3) and discuss on the record the particular evidence and factors it relies on in making its determination regarding the defendant's likelihood of recidivism.[15]
 {¶ 31} Here, the trial court complied with Eppinger and discussed on the record the evidence and factors that led to its decision to designate Hodge as a sexual predator. We conclude from our review of the record that there was sufficient evidence to support the trial court's adjudication of Hodge as a sexual predator. Although Hodge did not have prior convictions and the Static-99 test indicated that Hodge had a low risk to reoffend, he confessed to inserting his fingers into Alana's vagina, performing cunnilingus, and having Alana perform fellatio on him. A person who commits these acts repeatedly on a nine-year-old over an 18-month period can be classified as a sexual predator. The nature of the conduct and the age of the victim clearly weighed in favor of the trial court's classification. We conclude that there was sufficient credible evidence for the court to classify Hodge as a sexual predator. Thus, his third assignment of error is overruled.
 {¶ 32} Therefore, we affirm Hodge's convictions.
Judgment affirmed.
HENDON and WINKLER, JJ., concur.
Judge RALPH WINKLER, retired, from the First Appellate District, sitting by assignment
[1] R.C. 2907.02(A)(1).
[2] R.C. 2907.05(A)(4).
[3] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[4] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[5] Id., citing Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211.
[6] Id.
[7] See State v. Rance (1999), 85 Ohio St.3d 632, 638, 1999-Ohio-291,710 N.E.2d 699.
[8] Id. at 638-39.
[9] Id.
[10] R.C. 2950.01(E).
[11] R.C. 2950.09(B)(3).
[12] R.C. 2950.09(C)(2)(c).
[13] See Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[14] See State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247,743 N.E.2d 881.
[15] Id., citing State v. Thompson (1999), 140 Ohio App.3d 638,748 N.E.2d 1144.