DECISION. *Page 2 
{¶ 1} Defendant-appellant Thomas Cooper was indicted in July 1992 for one count of rape and one count of robbery. Cooper pleaded guilty to the reduced charges of sexual battery and theft. His four-year sentence to the Ohio Department of Corrections was suspended, and he was placed on intensive-supervision probation.
 {¶ 2} In 1994, Cooper's probation was terminated when he was convicted of aggravated robbery and robbery in the case numbered B-9309324. Cooper's original sentence of four years was imposed and was made consecutive to the prison sentence for the new felony convictions.
 {¶ 3} Pursuant to R.C. 2950.09(C), Cooper was brought before the trial court for a sexual-predator hearing. After conducting a hearing in full compliance with State v. Eppinger,[1] the trial court found Cooper to be a sexual predator and by entry classified him as such.
 {¶ 4} In one assignment of error, Cooper now claims that his classification as a sexual predator was against the manifest weight of the evidence. We disagree.
 SEXUAL-PREDATOR CLASSIFICATION AFTER STATE v. WILSON {¶ 5} The Ohio Supreme Court has recently confirmed the holding of this court that the applicable standard of review for a sexual-predator classification is the civil manifest-weight-of-the-evidence standard.[2] Under this standard, judgments *Page 3 
supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court.[3] The trial court's factual findings are presumed to be correct since that court is in the best position to determine credibility.[4] This court may not reverse a sexual-predator classification "simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court."[5]
 {¶ 6} This standard is different than the manifest-weight standard applicable to a criminal conviction.[6] In that context, the appellate court sits as a "thirteenth" juror and reweighs the evidence.[7] The civil standard does not allow the reviewing court to reweigh the evidence or to substitute its judgment for that of the trial court.[8]
As the Wilson court noted, the civil standard "tends to merge the concepts of weight and sufficiency."[9] This court had reached the same conclusion when we noted that "in a civil proceeding, qualitative and quantitative distinctions between weight and sufficiency of evidence are not recognized."[10] In a civil context, weighing the evidence is not permitted.
 {¶ 7} In Wilson, the court outlined the proper procedure that an appellate court must follow when reviewing a decision classifying a criminal defendant as a sexual predator. The court must "evaluate * * * the trial judge's rationale [and] any of the evidence the judge cited in support of his decision * * *."[11] In so doing, the court must bear in mind that "[m]ere disagreement with the trial court's findings is *Page 4 
not sufficient to overturn them."[12] After such a review, the court must affirm the classification if there is some competent, credible evidence that goes to each of its essential elements.[13]
 {¶ 8} In this case, the trial court considered the R.C. 2950.09(B)(3) factors and concluded that Cooper "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[14] The findings were based on competent, credible evidence.
 {¶ 9} Specifically, the court found that Cooper had previously been convicted of sexual battery, a sexually oriented offense.[15] This offense consisted of forced vaginal intercourse with an 18-year-old female whom he had threatened to kill with a knife.
 {¶ 10} The court further found that Cooper had a lengthy, serious criminal record, a prison record replete with aggressive behavior and an inability to follow prison rules, a score of six on the STATIC-99 test, placing him at a very high risk of re-offending, a history of substance abuse, and an involvement in the "entertainment thing for the female corrections officers," i.e., masturbating in front of them.
{¶ 11 } Cooper's assignment of error is overruled, and the trial court's judgment is, therefore, affirmed.
Judgment affirmed.
PAINTER, P.J., and HILDEBRANDT, J., concur.
[1] 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881.
[2] State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264; accord State v. Wilkerson (2000), 138 Ohio App.3d 861,742 N.E.2d 716.
[3] Id. at ¶ 24, citing CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
[4] Id., citing Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273.
[5] Id.
[6] Id. at ¶ 26.
[7] Id. at ¶ 25, citing State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
[8] Id. at ¶ 40.
[9] Id. at ¶ 26, citing State v. Maple (Apr. 2, 2002), 4th Dist. No. 01CA2605, fn. 1; State v. Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66.
[10] State v. Hunter (June 1, 2001), 1st Dist. No. C-000266.
[11] Wilson at ¶ 26.
[12] Id.
[13] State v. Gebbie, 1st Dist. No. C-060428, 2007-Ohio- ___.
[14] R.C. 2950.01(E).
[15] R.C. 2950.01(D)(1)(9). *Page 1