DECISION. *Page 2 
{¶ 1} While 18-year-old Demetrius Harris was living with his girlfriend, he raped her 11-year-old daughter on three occasions. This was discovered after the child had contracted gonorrhea, presumably from Harris, who also suffered from the disease. The trial court classified Harris as a sexual predator, and he now appeals.
 I. The Hearing and Assignments of Error {¶ 2} After Harris pleaded guilty to three counts of rape, the trial court held a sexual-offender classification hearing. Harris argued that he should not be classified as a sexual predator because he was at a moderately low risk to reoffend according to the Static-99 test, a test designed to estimate the likelihood of recidivism in adult males who have been convicted of at least one sexual offense. Harris also pointed out that he had no record of sexually oriented offenses and had accepted responsibility for his actions by pleading guilty. But the trial court found by clear and convincing evidence that Harris was a sexual predator. (R.C. 2950.01 was amended and R.C. 2950.09 was repealed on January 1, 2008. Because Harris was sentenced under the old law, all citations to the Revised Code refer to the former sections.)
 {¶ 3} On appeal, Harris challenges the trial court's sexual-predator classification, arguing that (1) the classification proceedings were unconstitutional, and (2) the trial court erred in classifying him as a sexual predator. Because we find that Harris's arguments are without merit, we affirm.
 II. Constitutionality {¶ 4} In his first assignment of error, Harris challenges the constitutionality of the sexual-predator classification proceedings. The Ohio Supreme Court has rejected Harris's constitutional arguments, [1]
so we overrule his first assignment of error. *Page 3 
 III. Sexual-Predator Classification {¶ 5} In his second assignment of error, Harris argues that the trial court erred in finding him to be a sexual predator for two reasons: (1) the Static-99 test should not have been considered because it did not meet the evidentiary standard of reliability; and (2) the trial court's finding was against the manifest weight of the evidence.
 {¶ 6} Because the Ohio Rules of Evidence do not strictly apply to a sexual-predator classification hearing, a court may consider reliable hearsay in reaching its decision.[2] This court has considered Static-99 test results on many occasions.[3] Here, the trial court acknowledged that Harris's score was moderately low. But the court cited other factors that outweighed this score. The trial court did not abuse its discretion in considering the test — it did not base its decision solely on the test result.
 {¶ 7} Harris also claims that the trial court's decision was against the manifest weight of the evidence. Although Harris challenges the admissibility of the Static-99 test, he relies on the result, which indicated that he had a moderately low risk to reoffend. Harris maintains that the trial court's decision was against the manifest weight of the evidence because he did not receive a high score on the test, had no record of sexually oriented offenses, and had accepted responsibility for his actions.
 {¶ 8} Former R.C. 2950.01(E)(1) defines a sexual predator as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense" and "is likely to engage in the future in one or more sexually oriented offenses." Before a trial court may adjudicate an offender as a sexual predator, it must first conduct a sexual-predator hearing in the manner described in former R.C. 2950.09(B)(1). *Page 4 
 {¶ 9} To determine whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) whether the offender completed any sentence imposed for a prior criminal offense or participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim, and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the offense, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contributed to the offender's conduct.[4]
 {¶ 10} After the trial court reviews the testimony and evidence presented at the sexual-predator hearing and considers the factors specified in former R.C. 2950.09 (B)(3), it "shall determine by clear and convincing evidence whether the offender is a sexual predator. "[5] Clear and convincing evidence is that degree of proof that will produce in the mind of the factfinder a firm conviction that the allegations are true.[6]
 {¶ 11} To ensure compliance with the applicable principles of law and to provide fairness in sexual-predator hearings, the Ohio Supreme Court adopted a model procedure for sexual-offender classification hearings.[7] The trial court should (1) create a record for review; (2) have an expert, if required, to assist the trial court in determining whether the offender is likely to commit a sexually oriented offense in the future; and (3) *Page 5 
consider the statutory factors listed in former R.C. 2950.09(B)(3) and discuss on the record the particular evidence and factors it relies on in making its determination regarding the defendant's likelihood of recidivism.[8]
 {¶ 12} We conclude that the trial court complied with the supreme court's requirements and discussed on the record the evidence and factors that led to its decision to designate Harris as a sexual predator. Although the Static-99 test indicated that Harris had a moderately low risk to reoffend, he had pleaded guilty to raping an 11-year-old girl on three occasions. The age of the victim weighed in favor of the trial court's classification. Harris did not regularly take his prescribed medication and heard voices telling him, for example, to "stay in the corner, fight." His low IQ of 58 may contribute to impaired judgment in the future. And although his criminal history was minimal, Harris had prior contacts with the justice system as a juvenile. Under these circumstances, a person who repeatedly rapes an 11-year-old can be classified as a sexual predator. We hold that there was sufficient credible evidence for the court to classify Harris as a sexual predator. Thus, the second assignment of error is overruled.
 {¶ 13} We affirm Harris's sexual-predator classification.
Judgment affirmed.
HILDEBRANDT, P.J., and CUNNINGHAM, J., concur.
[1] State v. Cook, 83 Ohio St.3d 404, 405, 1998-Ohio-291,700 N.E.2d 570; State v. Williams, 88 Ohio St.3d 513, 516, 2000-Ohio-428,728 N.E.2d 342; State v. Thompson, 92 Ohio St.3d 584, 585, 2001-Ohio-1288,752 N.E.2d 276.
[2] Evid. R. 101(C); State v. Cook, supra, at 425.
[3] State v. Tapke, 1st Dist. No. C-060494, 2007-Ohio-5124, at ¶ 98;State v. Cooper, 1st Dist. No. C-060677, 2007-Ohio-4464, at ¶ 10;State v. Hodge, 1st Dist. No. C-050583, 2006-Ohio-6973, at ¶ 31;State v. Seay, 1st Dist. No. C-060076, 2006-Ohio-6454, at ¶ 21;State v. Collins, 1st Dist. No. C-050225, 2006-Ohio-2224, at ¶ 13;State v. Fahey, 1st Dist. No. C-050358, 2006-Ohio-1745, at ¶ 13;State v. Cockshutt, 1st Dist. No. C-050199, 2006-Ohio-1108, at ¶ 12;State v. Morales, 153 Ohio App.3d 635, 639, 2003-Ohio-4200,795 N.E.2d 145.
[4] Former R.C. 2950.09(B)(3).
[5] Former R.C. 2950.09(C)(2)(c).
[6] Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[7] State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247,743 N.E.2d 881.
[8] Id. *Page 1