OPINION
{¶ 1} Brandon Jones appeals from the trial court's designation of him as a sexual predator and from the court's imposition of consecutive sentences upon him. Jones was convicted of three counts of engaging in unlawful sexual conduct with a minor and importuning. Jones' convictions arose out of his activities as a disc jockey at *Page 2 
a local skating rink which is frequented by young adolescent females. Jones, who is in his early twenties, was alleged to have demanded sexual favors from four victims ages thirteen to fifteen in return for playing records the victims requested. The trial court imposed five consecutive one-year sentences upon Jones after considering a pre-sentence report. In the report, the investigator stated that Jones does not accept responsibility for the offenses as he blames the victims for enticing him.
 {¶ 2} At the predator hearing, Jones stipulated to the findings and conclusions of the report furnished by the Forensic Psychiatry Center for Western Ohio. In the report, Dr. Scott Kidd, a forensic psychologist, stated he felt Jones fell into the moderate-to-low risk for sexual reoffending relative to other adult male sex offenders. Specifically, he found that the rate of sexual reoffending for individuals who receive the score Jones did, on average, reoffend nine percent over five years, thirteen percent over ten years, and sixteen percent over fifteen years. Dr. Kidd opined that he believed Jones would probably respond well to probationary treatment. Kidd did find that Jones had a higher risk of reoffending due to his age. Kidd found that Jones' actions indicated a pattern of sexually abusive behavior and that he had used threats of cruelty against at least one of his victims. He noted that Jones had a deviant preference for adolescent females and that fact would increase his risk to reoffend. Kidd stated the remaining six factors in R.C. 4950.09(B) suggest that Jones is not likely to reoffend.
 {¶ 3} In making a sexual predator determination, the trial judge shall consider all relevant factors in R.C. 2950.09(B)(3), including but not limited to the following:
 {¶ 4} "(a) The offender's or delinquent child's age;
 {¶ 5} "(b) The offender's or delinquent child's prior criminal or delinquency *Page 3 
record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 6} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 7} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 8} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 9} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 10} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 11} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 12} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 13} "(j) Any additional behavioral characteristics that contribute to the *Page 4 
offender's or delinquent child's conduct."
 {¶ 14} In his first assignment, Jones argues that the trial court's determination that he is a sexual predator is against the weight of the evidence. Jones argues the State failed to meet its burden of proving by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. He argues that based on Dr. Kidd's findings he is at a low risk for committing another sexual offense. He argues that Dr. Kidd testified that the fact that multiple victims were involved would have no bearing on his risk to reoffend, but the trial court improperly disregarded that finding. Lastly, he notes that he expressed genuine remorse for his crimes at sentencing.
 {¶ 15} The State argues there was enough evidence in the record to support the trial court's finding that Jones is a sexual predator. The State argues that the nature of Jones' conduct and the age of his victims clearly weighed in favor of the trial court's classification. The State notes that Jones asked one of his youthful victims to orally copulate with him on fifty occasions.
 {¶ 16} We believe the State has the better argument. Recently, the Hamilton County Court of Appeals upheld a trial court's classification of a defendant who was convicted of the rape and gross sexual imposition of his nine-year-old stepdaughter. The court found there was sufficient evidence to support the trial court's finding although the defendant did not have prior convictions and the Static-99 test indicated that the defendant had a low risk to reoffend. The court noted that a person who commits acts of cunnilingus on a nine-year-old victim and has her perform fellatio on him over an eighteen-month period can be classified as a sexual predator. The court noted the *Page 5 
nature of the conduct and the age of the victim clearly weighed in favor of the trial court's classification. State v. Hodge, Hamilton App. No. C-050583, 2006-Ohio-6973.
 {¶ 17} The victims of Jones' criminal sexual conduct were quite young. Dr. Kidd opined that Jones had a higher risk of reoffending because of his youth. He also found that Jones' actions indicated a pattern of sexually abusive behavior, and that he had used threats of cruelty toward one of his victims in order to carry out his sexual desires. Jones clearly "preyed" upon his youthful victims and yet he blamed them for making unwanted advances toward him. The trial court properly classified Jones as a sexual predator. The first assignment of error is overruled.
 {¶ 18} In the second assignment, Jones contends the trial court erred in imposing consecutive sentences upon him. Jones argues that the harm he caused was not so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of his conduct. He notes that Dr. Kidd opined that he would be a good candidate for a community control sanction. Lastly, he notes that he is a first time offender which creates a presumption against any sentence much less consecutive sentences.
 {¶ 19} The State argues that the trial court did not abuse its discretion in imposing the five-year sentence upon Jones. The State notes the court carefully considered the appropriate statutory sentencing factors with particular regard to the need to protect the public from Jones' conduct and to deter others in the community who could be disposed to engage in similar conduct with adolescent females. The State also notes the court found that Jones was not genuinely remorseful for his criminal conduct.
 {¶ 20} We agree with the State that Jones has failed to demonstrate the trial *Page 6 
court erred in imposing the five-year sentence on him. R.C. 2929.12(A) provides that "a court that imposes a sentence . . . for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11." The language used in R.C. 2929.12(A) relates to discretion concerning the effectiveness of sanctions, that is, the impact of the various sanctions on the particular offender. Ohio Sentencing Law, Griffin and Katz, 2007 Ed. at 1317. R.C. 2929.11 adopts two overriding purposes applicable to all felony sentences, (1) to protect the public from future crimes by the offenders and others and, (2) to punish the offender. It is alright to sentence the defendants in a manner which sends a message to others in the community that conduct such as displayed by the defendant will not be tolerated. See State v. Burger, 82 Ohio App.3d 244 (1992). The second assignment of error is likewise overruled.
 {¶ 21} The judgment of the trial court is affirmed.
FAIN, J., and WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Stephen K. Haller
Cheri L. Stout
Anthony S. VanNoy
 Hon. Stephen Wolaver *Page 1